UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SABRINA POPE,

         Plaintiff,  CIVIL CASE NO. 07-11907

v.

TROTT & TROTT and
COUNTRYWIDE HOME LOANS, INC.,

         Defendants.  HONORABLE PAUL V. GADOLA
_____/  U.S. DISTRICT JUDGE

## **ORDER DISMISSING CAUSE OF ACTION**

Now before the Court is pro se Plaintiff, Sabrina Kay Pope's complaint, motion to proceed *in forma pauperis*, and filing entitled "Emergency Stay Sheriff's Sales are Illegal," all filed on May 1, 2007. Although Plaintiff failed to indicate to the Court that this action was a companion case to other actions previously filed by Plaintiff, *see* E.D. Mich., Case Nos. 06-11251 (Gadola, J.), 07-10307 (Gadola, J), 07-11693 (Steeh, J.), following Judge Tarnow's initial review of the instant case it was administratively reassigned to this Court as a companion case, pursuant to Eastern District of Michigan Local Rule 83.11. Before this Court examines the present filings, a brief review of the disposition of the companion cases is necessary.

Plaintiff's first complaint, in the action of *Pope v. Trott & Trott, et al.,* No. 06-11251(Gadola, J.), was woefully inadequate. The complaint and accompanying brief, even when "construed as to do substantial justice," Fed. R. Civ. P. 8(f), failed to present a justiciable claim or a "short and plain statement of the grounds upon which the court's jurisdiction depends." Fed. R. Civ. P. 8(a)(1). After Defendants filed a motion to dismiss and Plaintiff filed several inexplicable documents, the

Court issued an order to show cause. The order noticed Plaintiff of the shortcomings of the complaint along with Plaintiff's failure to follow numerous procedural rules. The Court warned Plaintiff that failure to respond to the order to show cause would result in dismissal. *See, Pope v. Trott & Trott, et al.,* No. 06-11251, Order to Show Cause (July 7, 2006). Plaintiff failed to respond to the order and the case was dismissed. *See, Pope v. Trott & Trott, et al.,* No. 06-11251, Order Dismissing Cause of Action (Aug. 8, 2006).

On January 19, 2007, Plaintiff filed another complaint against Defendant Trott & Trott. *See, Pope v. Trott & Trott, et al.,* No. 07-10307. Although Plaintiff's new complaint was undisputedly related to the first complaint, Plaintiff answered "No" when asked if there were any "pending or previously discontinued or dismissed companion cases in this or any other court, including state court." *See, Pope v. Trott & Trott, et al.,* No. 07-10307, Complaint, p. 17. Because Plaintiff failed to indicate the case was a companion case, the new case was initially assigned to the Honorable Denise Page Hood. After finding that the case was a companion case to the case previously dismissed by the undersigned, the new case was administratively reassigned from Judge Hood to the undersigned on March 13, 2007.

That complaint set forth two purported claims, arguing that Plaintiff's "Due process was violated" and "Federal Land Patent laws" were violated. Plaintiff failed to set forth any facts related to either claim. Defendants filed a motion to dismiss; Plaintiff's failed to file a response. Therefore, the Court granted Defendants motion to dismiss. *See Pope v. Trott & Trott, et al.,* No. 07-10307, Order Dismissing Cause of Action (Apr. 9, 2007). In so ordering the case dismissed, the Court found that Plaintiff had failed to set forth a short and plain statement upon which the Court's

jurisdiction depended, failed to assert any justiciable claim against the Defendant, and failed to reveal any justifiable reason why Plaintiff had again violated numerous procedural rules. *See id.* The Court also noted that courts have consistently found "land patent" claims frivolous and without support in the law. *See, id.* (citing *Thompkins-El v. Well Fargo Bank Minnesota, et al.*, No. 05-74705, 2006 WL 2433438, at *8 (E.D. Mich. Aug. 22, 2006)). Furthermore, the Court advised Plaintiff to become familiar with Rule 11 of the Federal Rules of Civil Procedure and Rule 11.1 of the Local Rules for the Eastern District of Michigan before proceeding with any future filings. *Pope v. Trott & Trott, et al.,* No. 07-10307, Order Dismissing Cause of Action (Apr. 9, 2007).

On April 16, 2007, Plaintiff filed a third complaint against Trott & Trott. Again, because Plaintiff indicated that this cause of action was *not* a companion case, the case was randomly assigned to the Honorable George Steeh. Judge Steeh dismissed the Plaintiff's claims after determining that Plaintiff's land patent, debt collection act, and truth in lending act allegations were frivolous and failed to state a claim upon which relief could be granted. *See Pope v. Trott & Trott, et al.,* No. 07-11693, Order Granting Pl.'s Mot. to Proceed In Forma Pauperis and Dismissing Claims Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) (Apr. 18, 2007).

Finally, Plaintiff's filed the present action on May 1, 2007. Plaintiff failed to respond on the Civil Cover Sheet when asked whether this cause of action was a companion case to any other cause of action. Accordingly, the case was initially assigned by blind draw to the Honorable Arthur Tarnow. After conducting an initial review of the complaint and discovering that the case was, in fact, a companion case to those cases previously handled by the undersigned, the case was administratively reassigned. *See* E.D. Mich. L.R. 83.11.

Plaintiff's most recent complaint states, in its entirety, "The Michigan Supreme Court [&] the U.S. Supreme Court say that the states do not own land so why are the state court[s] adjudicating land cases (foreclosures)[?]" The additional filing, entitled "Emergency Stay Sheriff's Sales are Illegal," does nothing to further elucidate the complaint; the filing is a collection of various statements of law without any accompanying explanation. That filing concludes, "My treaty rights were violated as an indigenous and Sovereign Moor, I, Sabrina Pope/Siya Bey, am protected by the international Treaty of 'Peace and Friendship' of 1787."

After conducting a review of Plaintiff's application to proceed *in forma pauperis* ("IFP"), the Court is convinced that, according to Plaintiff's attestations, Plaintiff is unable to pay the fees associated with the filing of her complaint. Accordingly, her application to proceed IFP will be granted. *See* 28 U.S.C. § 1915(a)(1).

However, the Court is authorized to dismiss any claims that it determines are frivolous or fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Again, as in the other cases Plaintiff has filed in this Court, Plaintiff's filings are baffling. Plaintiff's present complaint is entirely void of any justiciable claim and fails to allege any basis for jurisdiction in this Court. Additionally, the complaint fails to make any mention of Defendants. Accordingly, the complaint will be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B).

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's motion to proceed *in forma pauperis* [docket entry #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this cause of action, Case No. 07-11907, is **DISMISSED**.

SO ORDERED.

Dated:  May 29, 2007                                    s/Paul V. Gadola
                                                        HONORABLE PAUL V. GADOLA
                                                        UNITED STATES DISTRICT JUDGE

<div style="border:1px solid black;">

Certificate of Service

I hereby certify that on   May 29, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: _____, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:     Sabrina Pope                                              .

                                                        s/Ruth A. Brissaud
                                                        Ruth A. Brissaud, Case Manager
                                                        (810) 341-7845

</div>